Buford, J.
 

 In this case there was a controversy between Tampa Ship Building & Engineering Company and one Crouse involving the sum of Ten. Thousand ($10,000.00) Dollars.
 

 
 *1174
 
 The parties decided between themselves to put the money in escrow and thereupon made a joint request to Citizens Bank & Trust Company, of Tampa, Florida, to hold the money in escrow under certain terms and conditions set forth in a letter of October 30, 1928, in the following language :
 

 “October 30th, 1928.
 

 Citizens Bank & Trust Company,
 

 Tampa, Florida.
 

 Gentlemen:
 

 Herewith we enclose you a certified check dated October 25, 1928, for $10,000.00 made by J., L. Crouse to Tampa Ship Building & Engineering Company. This money is deposited with you in escrow under the following terms and conditions, to-wit:
 

 “The Tampa Ship Building & Engineering Company, a corporation, had a sub-contract with J. L. Crouse for installing and completing a certain stairway, or' stairways, in the East Tampa High School according to plans and specifications made by Francis J. Kinard & Son, Architects, and ordered its supplies and materials from Woodbridge Ornamental Iron Company, a corporation of Chicago, Illinois. The said J. L. Crouse guaranteed the payment of this account to the Woodbridge Ornamental Iron Company of Chicago, Illinois, and was desirous of paying the same, amounting to $9,955.00, but the Tampa Ship Building & Engineering Company have requested and notified them not to pay said account for the alleged reason that the same is incorrect and in excess of the amount due.
 

 “The Tampa Ship Building & Engineering Company desires to hold and save harmless the said J. L. Crouse from any loss or damage of whatsoever nature
 
 *1175
 
 by virtue of his refusing to pay said account until the matter has been settled by the said Tampa Ship Building & Engineering Company and the said Woodbridge Ornamental Iron Company, either between themselves or by process of law, and have offered to deposit the said sum of $10,000.00 for the purpose of making good said guarantee.
 

 “You will, therefore, hold said sum and when J. L. Crouse and the Tampa Ship Building & Engineering-Company direct you in writing so to do you will make a disposition of said monies, and if this not be. done and the Woodbridge Ornamental Iron Company, a corporation of Chicago, Illinois, are awarded a judgment in their favor against the Tampa Ship Building & Engineering Company for the amount of their said bill and the said judgment' is not arrested by a supersedeas as fixed by law, you will pay the amount of said judgment and the remainder, if any, you will deliver to the Tampa Ship Building & Engineering Company.
 

 ‘ ‘ This money is to be placed in the Savings Department of said Bank and the interest thereon shall follow the principal.
 

 Yours very truly,
 

 TAMPA SHIP BUILDING & ENGINEERING CO.
 

 By-=-
 

 (Signed) Max Kreher
 

 Sec. & Treas.
 

 By-
 

 (Signed) J. L. Crouse
 

 By Hampton & Bull, Attys.”
 

 On November 8, 1928, Citizens Bank & Trust Company executed a receipt on the bottom of a copy of the foregoing letter as follows:
 

 
 *1176
 
 “Nov. 8th, 1928.
 

 Receipt is this day acknowledged of the foregoing check which is to-be held in accordance with the foregoing terms and conditions, with the exception that the money is to be held in a Certificate of Deposit. Our escrow fee of $10.00 is to be deducted in settlement.
 

 CITIZENS BANK & TRUST COMPANY
 

 By W. W. Trice,
 

 Vice-Chairman & Trust Officer
 

 By Nellie M. Cobb.”
 

 Then Citizens Bank & Trust Company by W. W. Blount, a-Cashier, executed a certificate in the following language:
 

 “No. 4892.
 

 Tampa, Florida.
 

 November 8, 1929.
 

 This certifies that
 

 TAMPA SHIP BUILDING & ENGINEERING COMPANY...............:.......... $ 10,000.00 has deposited with the Citizens Bank & Trust Company Ten Thousand Dollars............................ payable to the order of Escrow No. 840 ............ on return of this certificate .properly endorsed.
 

 With interest thereon at 4% per annum after date.
 

 (Signed) W. W. Blount
 

 a-Cashier.
 

 NOT SUBJECT TO CHECK
 

 This certificate subject to the conditions of Section 19 of the Federal Reserve Act requiring thirty days notice of withdrawal.”
 

 
 *1177
 
 This certificate was not issued by the bank, but appears to have been kept in the bank as a memorandum in regard to the deposit. A certificate of deposit is not issued by a bank until it is delivered to some person entitled to possession and control of the certificate. The certificate here under consideration was not payable to any individual, and, according to the information obtainable from the record, never became subject to negotiation.
 

 On January 4th, 1929, Citizens Bank & Trust Company advised Woodbridge Ornamental Iron Company, and Mr. A. L. Woodbridge in person, in regard to this escrow in the following language:
 

 “CITIZENS BANK
 
 &
 
 TRUST CO.
 

 “Tampa, Florida.
 

 “January 4th, 1929.
 

 “Woodbridge Ornamental Iron Co.,
 

 “Mr. A. L. Woodbridge ‘in Person.’
 

 “ In re Escrow No. 840.
 

 ‘ ‘ Gentlemen:
 

 “As Escrow Agent we are holding a certificate of deposit for $10,000.00, dated November 8th, 1928, subject to escrow instruction of the Tampa Ship Building & Engineering Company and J. L. Crouse.
 

 “The terms of the escrow being:
 

 “The Tampa Ship Building & Engineering Company had a sub-contract with J. L. Crouse for installing and completing a certain stairway, or stairways, in the East Tampa High School according to plans and specifications by Francis J. Kinard & Sons, and ordered supplies and materials from Woodbridge Ornamental Iron Company of Chicago. The said J. L. Crouse guaranteed the payment of this account and
 

 
 *1178
 
 was desirous of paying same, amounting to $9,955.00, but the Tampa Ship Bldg. & Engineering Co. have requested and notified them not to pay said account for the alleged reason that same is incorrect and in excess of the amount due. '
 

 “For the protection of J. L. Crouse, we are to hold said sum until directed in writing by J. L. Crouse and the Tampa Ship Building & Engineering Co. disposition of said monies, if this not be done and the Woodbxúdge Ornamental Iron Company are awarded a "judgment in their favor against the Tampa Ship Building & Engineering Co. for the amount of their said bill and said judgmexxt is not arrested by a supersedeas as fixed by law, we are to pay the amount of said judgment and the remainder is to be paid to the Tampa Ship Building & Engineering Company.
 

 “Yours truly,
 

 “(Signed)
 
 W.
 
 W. TRICE,
 

 “Vice-Chairman & Trust Officer.”
 

 Citizens Bank & Trust Company thereafter became insolvent and went into the hands of C. L. Knight as liquidator and, thereafter, the Tampa Ship Building & Engineering Company and J. L. Crouse demanded of the liquidator to pay to Tampa Ship Building & Engineering Company the sum of ten thousand ($10,000.00) dollars constituting the escrow deposit.
 

 The liquidator refused to pay the claim and thereupon Tampa Ship Building & Engineering Company filed suit against the liquidator to enforce the payment of the claim in full as a preferred claim against the insolvexxt baxxk.
 

 A demurrer was filed and overruled.
 

 Counsel stipulated that the facts alleged in the axnended bill of complaint as amended and in the supplemental bill of complaint shoxxld be taken as true and that the court
 
 *1179
 
 should enter a final decree in said cause based upon such allegations. The defendant waived right to file answer. It was stipulated that defendant did not admit that the complainant is entitled to the relief asked for as a matter of law, but merely to admit the correctness of facts as stated in the bill of complaint as amended and the supplemental bill of complaint, the pertinent parts of which are above set forth.
 

 The chancellor entered a decree in favor of the complainant in the court below, from which order appeal was taken.
 

 We can see no good purpose to be served in preparing and publishing a long opinion with citation of authorities in regard to the questions of law here involved, because it appears to us that they have been fully covered in the opinion prepared by Mr. Justice Brown for this Court in the case of Myers et al. v. Matusek, 98 Fla. 1126, 125 So. R. 360. On authority of the opinion in this case and the authorities therein cited, the decree of the chancellor should be affirmed and it is so ordered.
 

 Affirmed.
 

 Terrell, C. J., and Whitfield, Ellis, Strum and Brown, J. J., concur.