CITY OF JACKSONVILLE, a municipal corporation, under the laws of the State of Florida, *Appellant*, vs. HENRY A. RENFROE, *Appellee*.

136 So. 254.

En Banc.

Opinion filed July 21, 1931.

*Austin Miller* and *Emmet Safay*, for Appellant;
*Wm. M. Madison*, for Appellee.

BUFORD, C.J.—This case is before us on appeal from final decree adverse to the appellant.

On February 2, 1931, Henry A. Renfroe, appellee, exhibited his bill of complaint in the Circuit Court of Duval County, Florida, against the City of Jacksonville, appellant, seeking to enjoin the sale by said City of certain street improvement and auditorium bonds, the issue of which was authorized by ordinances of said City pursuant to legislative authority and validated by the Circuit Court of Duval County, Florida, prior to November 4, A. D. 1930, the date of adoption of the constitutional amendment. The bill alleged that prior to November 4, 1930, appellant sold and delivered $143,000.00 worth of said street improvement bonds and that there is now on hand and unsold $257,000 worth of said bonds; that the auditorium bonds were originally in the aggregate amount of $300,000.00 but that $125,000.00 worth of said bonds have lapsed and the City of Jacksonville has on hand and unsold $175,000.00 of said bonds; that appellant, acting by and through its City Commission, was advertising and offering for sale the remainder of the City of Jacksonville's street improvement bonds, aggregating $257,000.00, and $50,000.00 of Jacksonville's municipal auditorium bonds. The bill then alleged that under the provisions of Section 6 of Article IX of the Constitution, as amended at the general election held November 4,

1930, said bonds were unissued, and the City was prohibited from selling and disposing of the same.

A demurrer containing seven grounds was interposed to the bill. The demurrer in substance presented the contention that all of said bonds were authorized and validated prior to the adoption of the constitutional amendment and, therefore, were not affected thereby; and that the street improvement bonds were not within the purview of the constitutional amendment. The demurrer to the bill was overruled, and appellant having declined to plead further, the Court thereupon rendered a final decree enjoining the appellant from selling and otherwise disposing of the bonds of said City remaining on hand and unsold, upon the ground that said bonds were unissued within the meaning of Section 6 of Article IX of the Constitution, as amended.

From the several rulings an appeal was taken to this Court, and appellant assigns as error the order overruling the demurrer to the bill and the rendering of a final decree against appellant.

Section 6, Article IX of the Constitution, as amended and ratified at the general election of 1930, provides in part as follows:

"The legislature shall have power to provide for issuing State bonds only for the purpose of repelling invasion, or suppressing insurrection, and the Counties, Districts or Municipalities of the State of Florida shall have power to issue bonds only after the same shall have been approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors residing in such Counties, Districts or municipalities shall participate, to be held in the manner to be prescribed by law."

This section of the Constitution divests counties, districts and municipalities of any authority which either may have theretofore enjoyed to issue bonds except upon the compliance with the provisions of this section. Bonds such as those here under consideration are negotiable in-

struments and are controlled by what is generally known as the negotiable instrument statute of this State, Section 4674 R. G. S., 6760 C. G. L., which in part provides as follows:

"*Issue* means delivery of the instrument complete in form to a person who takes it as a holder."

Under this definition of "issue" the bonds here under consideration had not been issued. The negotiable instrument statute was in effect at the time the above quoted amendment to our Constitution was adopted and we hold that the statutory definition then in force is to be applied to the word "issue" as contained in this provision of the Constitution.

In Potter vs. Lainhart, 44 Fla. 647, 33 Sou. 251, it was held:

'The word 'Issued' as applied to bonds usually includes delivery, but it does not invariably do so."

But, where a different meaning is to be given the word "issue" the intention to give it such different meaning must appear upon the face of the act or document in which it is used. The word "issue" is used in the section of the Constitution above quoted without any other language being used to indicate that any except the general meaning is to be applied to such word.

The bonds under consideration here were authorized, executed and validated but before being issued as contemplated by law under the definition given in section 4674 R. G. S., 6760 C. G. L., the organic law was amended in such manner as to bring the issuance of these bonds in conflict with its provisions.

This construction and interpretation was applied in the case of Stewart vs. New Smyrna-Coronado Beach Special Road and Bridge District, etc., filed at this term of the Court.

The decree appealed from should be affirmed and it is so ordered.

Affirmed.