TAMPA & GULF COAST RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. CHARLES L. LYNCH, *Defendant in Error.*

Division B.

Opinion Filed February 26, 1926.

Petition for rehearing denied May 11, 1926.

*Knight, Thompson & Turner,* for Plaintiffs in Error;

*Mabry, Reaves & Carlton,* for Defendant in Error.

PER CURIAM.—In an action for personal injuries, damages in the sum of $25,000.00 were claimed. Verdict and

judgment for the full amount were rendered and the defendant took writ of error.

It appears that the plaintiff and a companion who was driving, were in an automobile going for two young ladies to take them to a dance, that at a grade crossing over which plaintiff had heretofore passed and knew of its location and conditions, the automobile was struck by the locomotive of defendant's passing train after dark, and plaintiff was injured.

The inherent nature of, and the fair inferences drawn from, the evidence taken as a whole, clearly indicates negligence on the part of the occupants of the automobile who were jointly pursuing a common mission of pleasure, and if the statutory presumption of negligence by the defendant that flows from an injury caused by the running of a railroad train was not overcome by the evidence, it is clear that the verdict rendered was not warranted by the evidence, therefore the judgment is reversed for a new trial.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur;

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the Opinion.

## ON PETITION FOR REHEARING.

### Division B.

Opinion Filed February 27, 1926.

Petition for rehearing denied May 11, 1926.

1. When liability for personal injury is not clearly shown and the damages awarded are palpably excessive, the judgment will be reversed, and a remittitur will not be suggested. Atlantic Coast Line R. Co. v. Wilson, 81 Fla. 117, 87 South. Rep. 314.

2. Whether contributory negligence is a bar to an action for a merely negligent injury as at common law, or operates under the statute to diminish the amount of damages recoverable in actions against railroad companies "for any damages done to persons or property by the running of" the company's trains, such contributory negligence is an affirmative defense, and to be available either as a bar to the action or to diminish the recovery, it should be pleaded and proved by the defendant, unless the plaintiff permits it to be shown without objection under other pleas, or unless contributory negligence appears in the case made by the plaintiff.

Rehearing denied.

*Knight, Thompson & Turner,* for Plaintiff in Error;

*Mabry, Reaves & Carlton,* for Defendant in Error.

PER CURIAM.—While there was no plea of contributory negligence, the evidence clearly showed negligence of the plaintiff that had contributed to, if it was not the essential cause of, the injury; and without adjudicating the question of liability, the court reversed the judgment for a new trial, since if liability appears the evidence shows the amount of the verdict to be palpably excessive. Atlantic Coast Line R. Co. v. Wilson, 81 Fla. 117, 87 South. Rep. 314; Tampa Electric Co. v. Barber, 81 Fla. 405, 88 South. Rep. 302.

Whether contributory negligence is a bar to an action for a merely negligent injury as at common law, or operates under the statute to diminish the amount of damages recoverable in actions against railroad companies "for any damage done to persons or property by the running of" the company's trains, such contributory negligence is an affirmative defense, and to be available either as a bar to the action or to diminish the recovery, it should be pleaded and proved by the defendant, unless the plaintiff permits it to be shown without objection under other pleas, or un-

less contributory negligence appears in the case made by the plaintiff. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

All concur.