## O'BRIEN v. STANDARD OIL CO. OF KENTUCKY.
### No. 5728.

Circuit Court of Appeals, Fifth Circuit.
March 11, 1930.

William M. Toomer, of Jacksonville, Fla. (Snyder, Henry, Thomsen, Ford & Seagrave, of Cleveland, Ohio, De Witt T. Deen, of Daytona, Fla., and W. M. Toomer, of Jacksonville, Fla., on the brief), for appellant.

Martin H. Long, of Jacksonville, Fla., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

SIBLEY, District Judge.

Mrs. O'Brien sued the Standard Oil Company for the negligent killing of her husband, William G. O'Brien. A verdict for the defendant was directed in the District Court. Without substantial dispute it was proven that the appellant's husband drove his automobile into a filling station of the defendant and upon the hydraulic rack which was used to elevate cars so that the oil might be conveniently drained, and gave order that the oil be changed. The appellant remained in the car, a sedan. Her husband was standing on the left-hand running board, wiping off the wind shield, spots upon which appel-lant was pointing out to him. He finished, stepped back, fell from the car, which had been elevated about five feet without appellant having observed it, and was killed. Mr. O'Brien was 39 years old, in good health, and the thing happened in broad daylight. Photographs show that the rack was in an open place, with a large advertising sign just in front of the car, and the side of the filling station house 5 or 6 feet to the right of the car, against the wall of which was the cock where the air was turned on to elevate the rack. The car itself would be between this cock and Mr. O'Brien, as he was on the left-hand running board. The rack operated smoothly and noiselessly, and was in no way defective. The channel plates on which the car wheels roll were about 14 inches wide and extending beyond the running boards on either side. The front door of the automobile was hinged on the side next to the windshield. The appellant testified that her husband stepped out on the concrete floor before directing the oil to be changed, then got his dust cloth and stepped on the running board to wipe the windshield. She did not know just when the car was raised. Defendant's agent testified that when the order to change the oil was given, he asked would they get out, and no reply being given, he concluded they would not and turned on the air and went inside to get a wrench, both Mr. and Mrs. O'Brien being then in the car, but when he returned Mr. O'Brien was on the outside. A disinterested witness testified that in passing, she saw the car up in the air and both passengers sitting in it, then heard a door open and a noise, and on looking again saw Mr. O'Brien on the floor.

The only possible negligence proven against defendant is a failure to expressly notify Mr. O'Brien that the car was about to be elevated. He, however, evidently knew the purpose of the rack when he drove upon it, and in requesting the oil to be changed, he virtually requested the car to be raised. He could not complain that what he himself requested was thereupon done, but should have expected it would be done. On the other hand, there would be no occasion for the defendant's agent to notify Mr. O'Brien that he was about to do what he had been requested to do. Mr. O'Brien was not hurt by any sudden movement or defective operation of the mechanism, but fell by his own movements after the elevated situation was attained which he had requested. It makes little difference whether he got on the running board after or before the car was

elevated. Either would have been physically possible, notwithstanding the door was hinged at the front side. In either case, he voluntarily left a place of safety in the car, or upon the ground, and chose a position that would be somewhat dangerous when the car should be elevated. It is hardly conceivable that, in broad daylight, with nearby fixed objects within his vision, and with the well-known sensations that attend elevation, he was unaware that the car was up. If he forgot it, or failed to look to see, before voluntarily stepping off the running board, the fault was his. If he slipped and fell, it was an accident, the fault of no one. If the proximate cause of the accident was not wholly the negligence of Mr. O'Brien, he was at least as much to blame as the defendant's agent. The widow can recover only if the deceased could have recovered, had he not died. Rev. Gen. St. of Florida, 1920, § 4960. His needlessly placing himself where danger should have been anticipated by him, is itself such contributory negligence as bars recovery, even if negligence existed on the part of the defendant. L. & N. R. Co. v. Yniestra, 21 Fla. 700; German-American Lumber Co. v. Hannah, 60 Fla. 70, 53 So. 516, 30 L. R. A. (N. S.) 882.

There could be no lawful recovery, and the judgment is affirmed.