FLORIDA MOTOR LINES, INC., a corporation, *Plaintiff in Error*, vs. H. J. NEWSHAM and LAURA NEWSHAM, his wife, *Defendants in Error*.

Division B.

Opinion filed March 5, 1931.

Petition for rehearing denied June 4, 1931.

*Knight, Thompson & Turner,* for Plaintiff in Error; *Farmer & Grantham,* and *Huffaker & Edwards,* for Defendant in Error.

PER CURIAM.—The plaintiffs below were riding with friends in an automobile, the husband being on the front seat with the driver who owned the car, the wife and two other ladies were on the rear seat, all being guests of the owner and driver of the car on a pleasure ride. At

a crossing a motor bus collided with the car and the wife was injured.

In an action by the husband and wife for personal injuries to the wife judgment was rendered against the defendant motor company in favor of the husband for one amount and in favor of the wife for a different and much larger amount. A writ of error was taken by the defendant. The verdict does not clearly reflect the probative effect of the evidence. The damages awarded to the wife appear to be excessive in view of all the evidence as to her injury; and there was substantial evidence tending to show contributory negligence of the husband which if established would bar recovery by him. See T. & G. C. v. Lynch, 91 Fla. 375, 108 So. 560. In this state of the record a new trial should be granted.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BROWN, J., concurs specially.

BROWN, J.—I concur in the judgment of reversal, and in the opinion, except as to that part relating to the contributory negligence of the husband, H. J. Newsham, who was not driving the automobile. I am doubtful that the evidence shows contributory negligence on his part.

ON REHEARING.

En Banc.

Opinion filed June 4, 1931.

1. Contributory negligence which would bar recovery is a question of fact about which reasonable men might differ under the evidence produced and, therefore, the determination of that matter is a proper one for the jury.

2. Affirmed on condition of remittitur.

Affirmed.

*Knight, Thompson & Turner,* for Plaintiff in Error;

*Farmer & Grantham* and *Huffaker & Edwards,* for Defendants in Error.

PER CURIAM.—On March 5th a Per Curiam Order of reversal was entered herein because of the fact that the damages awarded the wife appeared to be excessive in view of all the evidence as to her injury, and it was stated in that Order that there was substantial evidence tending to show contributory negligence of the husband, which, if established, would bar recovery by him.

Motion for re-hearing was filed by the defendant in error of which plaintiff in error had notice and to which he has replied in a letter addressed to the Clerk of this Court and filed in this cause.

On further consideration of the record, we find that there was substantial legal evidence to support the verdict in favor of the husband, H. J. Newsham, although there was some evidence tending to show contributory negligence on his part. Whether or not the plaintiff, H. J. Newsham, was guilty of contributory negligence which would bar his recovery was a question of fact about which reasonable men might differ under the evidence in this case, and therefore, the determination of that matter was a proper one for the jury. The jury resolved the question in favor of the plaintiff and so we now hold that the judgment should be affirmed as to the plaintiff H. J. Newsham.

The damages awarded to the wife, Laura Newsham, appear to be excessive in view of all the evidence as to her injury and for that reason the judgment will be reversed as to the plaintiff Laura Newsham, unless within thirty days of the entry of the mandate in the court below she shall enter a remittitur of all except $2500.00 of the amount awarded her by the judgment. If she

shall enter such remittitur then the judgment in her behalf for the sum of $2500.00 shall stand affirmed as of the date of such judgment. It is so ordered.

Affirmed, conditioned on remittur.

BUFORD, C.J., AND WHITFIELD, ELLIS AND DAVIS, J.J., concur.

TERRELL AND BROWN, J.J., dissent.