UNION BUS COMPANY, *Plaintiff in Error*, vs. O. Z. SMITH, as Administrator of the Estate of Eula Smith, deceased, *Defendant in Error*.

140 So. 631.

En Banc.

Opinion filed March 26, 1932.

Petition for rehearing denied May 9, 1932.

*Milam, McIlvaine & Milam,* and *Bernard H. English,*
for Plaintiff in Error;

*J. L. Lee* and *Cone & Chapman,* for Defendant in Error.

BUFORD, C.J.—In this case suit was brought by the administrator to recover damages for the wrongful death of Eula Smith. Judgment was in favor of the plaintiff in the sum of $4,000.00 and writ of error was sued out. Had there been no other errors apparent in the record the case should be reversed because the judgment is excessive.

The record fails to establish the probability that the decedent, who was 21 years and about 5 months of age, would have accumulated any estate. The most the record shows is that she sometimes worked and when she did work she earned from $1.50 to $2.00 per day at certain seasons of the year and that she sometimes did some sewing for which she received as much as $2.00 per day. The other work which she did besides sewing was general farm work. The record further shows by the testimony of her father that she had probably earned up to this period in her life as much as $50.00. This amount would not have been sufficient to have supported her from the time she was 21 years of age up to the time she died.

Under the facts as shown by the record it appears clear

that at the best the decedent would probably have accumulated no estate during her lifetime, though she might have been capable of providing for her own necessities of life.

In Marianna & Blountstown Ry. Co. vs. May, 83 Fla. 524, 91 Sou. 553, it was said:

"In an action brought under the statute by an administrator to recover damages for the wrongful death of his decedent, where liability of the defendant is shown, the jury have no discretion in assessing the damages sustained, but among other elements the jury may consider evidence as to the age, probable duration of life, habits of industry, means, business, earnings, health and skill of the deceased, and his reasonable future expectations. If the evidence shows the decedent's health, habits or other conditions of life to be such that he had no reasonable future expectations of an estate, the recovery would, of course, be merely nominal.

In an action for the wrongful death of a person brought by his administrator to recover damages for the loss of a prospective accumulated estate, the amount of the recovery is not the value of the decedent's life to any one or to the public, but the recovery is limited to the present value of an estate which the proofs show the decedent may reasonably have been expected to earn and save had he lived, where the accumulation of an estate by the decedent may reasonably have been expected, and the present value thereof can be ascertained with reasonable certainty from trustworthy evidence upon all matters affecting the probabilities as to life expectancy, physical condition, earning capacity and opportunities, habits of life and of accumulation and other pertinent circumstances."

The record shows that on Sunday, the 22nd day of June, 1930, Ben Smith let his five children, Kline Smith, Eula Smith, Julia Smith, Reese Smith and Clarence Smith, have his light Ford truck equipped with a Ford seat for two in front and a truck body on the back, with

a top over the front seat constructed like that on the ordinary Ford Roadster, to go from his home near Providence to Lake City and visit their sister, Mrs. Wood; that they went to Lake City and visited Mrs. Wood and started to return from Lake City to their father's home with Mrs. Wood and one other person in the automobile, making seven (7) in all, four (4) of whom were riding on the front seat, which seat was intended for the convenience and occupancy of only two passengers. The facts in this case make a much stronger case for the application of the rule of joint enterprise than was the case of Tampa & G. C. R. Co. v. Lynch, 91 Fla. 375, 108 So. 560. In this case the evidence shows that the automobile was loaned by the owner to five of the occupants for the purpose of making the trip to Lake City. The record does not show clearly how many of the five engaged in this joint enterprise were over the age of 21 years. We gather from the record, however, that Kline, who was at the time of the accident driving the car, and Eula, the deceased, were over the age of 21 years. Those engaged in this enterprise who were over the age of 21 years were legally bound to return the automobile to the owner in safe and good condition and the others were at least morally bound to do the same and as to those over 21 years of age it was immaterial whether the lender of the car happened to be the father or was some other person.

So it is, we hold that under the facts in this case Eula, the deceased, and Kline who was at the time of the accident driving the car, were engaged in a joint enterprise for their mutual pleasure and that the duty devolved upon Eula as well as upon the driver to see that the automobile was driven in a careful manner and without negligence.

The physical facts disclosed by the record show that at the time of the accident the automobile in which the

deceased was riding was being driven at an excessive rate of speed and not so as to be controlled within the range of the vision of the driver afforded by the lights of the automobile, which constituted negligence upon the part of those responsible for the operation of the automobile.

It is not necessary for us to determine whether or not this negligence was the sole cause of the accident and death occasioned thereby, but if it contributed to the cause of the accident it would bar recovery.

In Hurley v. City of Spokane, et al., Supreme Court of Washington, reported in 217 Pac. 1004, the question involved was to all intents the same as is involved here and there the Court said:

"But it is said that to the appellant Gertrude Hurley cannot be attributed the contributory negligence, of the driver, her brother. Here, however, the record shows that she and her brother were using the car with their father's permission on a common venture, and it therefore becomes immaterial who at the time may have been at the steering wheel."

See also Jensen v. Chicago M. & S. T. Ry. Co., 233 Pac. 635, and cases there cited; Washington & O. D. Ry. vs. Zells, Administratrix, 118 Va. 775, 88 S. E. 306; Beauche v. Mercer, 206 Mass. 492, 92 N. E. 774, 138 Am. St. Rep. 401.

This case was tried in the lower court upon the theory held by the trial judge that the rule of joint enterprise did not apply.

During the course of trial one R. H. Johnson, Superintendent of Maintenance for the Blue Bus Lines, was introduced as a witness. He qualified as being familiar with the arrangements of the lights. He described the several lights on the bus. During the examination this question was asked:

"If a witness in this case at the time of the accident

observed the two inside blue lights burning at that time, what would it indicate as to the outside red tail lights?''

This question was objected to upon the grounds, first: ''The condition of the bus at the time of the wreck has not been shown; second: If a fuse is out of the bulb it is out; and third, the proper predicate has not been laid.'' The objection was sustained. The sustaining of this objection was error because there was a conflict in the testimony as to whether or not the red tail lights were burning and any evidence from which it could be reasonably deduced either that the red tail lights were burning or that they were not burning was admissible.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD AND DAVIS, J.J., concur.

ELLIS, TERRELL AND BROWN, concur in the conclusion.