## QUINN et al. v. SMITH CO., Inc. *
### No. 6430.

Circuit Court of Appeals, Fifth Circuit.

April 9, 1932.

*Rehearing denied June 3, 1932.

T. J. Blackwell and A. Y. Clement, both of Miami, Fla., for appellants.

Geo. L. Patterson and Dewey Knight, both of Miami, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, Adwina Maria Quinn, a patron of a bathing pool conducted for profit by appellee in the city of Miami Beach, Fla., sued, alleging that through the negligence of the proprietor she had received serious injuries. There followed for fifty pages of the transcript an orgy of pleadings and demurrers, of moving for compulsory amendment and moving to strike, resulting in heavy casualties for both plaintiff and defendant. Plaintiff lost all of the four counts of her original declaration, and two of the amended counts as repleaded, while defendant lost all of its original pleas but one, its not guilty plea, and all of its amended pleas but two presenting the defense of contributory negligence, one to the third, the other to the fourth count of the amended declaration. The cause finally stood for trial at issue upon these pleas to the third and fourth counts of the declaration as amended. The fourth count alleged the operation by defendant of a public bathhouse, a part of the facilities of which consisted of an inclosed swimming pool, 50 feet wide by 100 feet long; that on March 23 plaintiff was a patron thereof, having paid the proper fees for admission to and the use of the facilities afforded; that on that day, in addition to the ordinary activities of the place, the defendant was engaged in conducting and carrying on for the amusement, instruction, and entertainment of its patrons and guests a

water carnival or swimming contest, from the witnesses to which it exacted pay; that plaintiff paid and became one of the patrons or guests. The declaration then alleged that it thereupon, in the exercise of due care, became the duty of the defendant to protect her from assault, but that it failed to perform that duty, and neglected and failed to provide a watchman, usher, or lifeguard, or other official to maintain order there; that at the completion of the carnival certain of the participants therein and other unidentified persons became engaged in horseplay and conducted themselves in a disorderly and boisterous manner by pushing one another from the platform; that the defendant knew, or ought to have known in the exercise of due care, of these conditions, and could and ought to have prevented the result which followed, by providing an attendant or guard, but that it failed to do so, and as a result one of the persons engaged in such rough and boisterous conduct, struck plaintiff with great force and violence and without warning, hurling her into the pool and seriously injuring her; that these injuries were the proximate result of the negligence of the defendant in failing to provide a lifeguard or other person of authority to safeguard its patrons, and to prevent boisterous and dangerous conduct on the part of persons at the pool.

It was in addition in the third count alleged that there was a hydrant or overflow pipe so placed in the pool as that it was likely to cause injury to persons coming in contact therewith, and that it did cause injury to her.

At the trial plaintiff proved substantially what she had alleged in the fourth count, particularly that there was boisterous conduct being engaged in at the pool, which defendant did know of, or ought in the exercise of care to have known of; that nothing was said or done by any one in apparent authority in charge of the pool to prevent the conditions existing, or to protect the patrons of the pool, including plaintiff, and that she received her injuries without fault on her part.

At the conclusion of plaintiff's case, defendant moved for a directed verdict. The motion was granted, and from the judgment entered thereon plaintiff has duly appealed. The errors assigned are to the sustaining of the demurrers to the first and second count of the amended declaration, to the granting of appellee's motion for directed verdict, and to the denial of a motion duly made by appellant, to reopen the case to put in further evidence. Since the fourth count on which the case went to trial was in legal effect identical with the first count, the sustaining of the demurrer to that count presents no reversible error. Nor was there any error in the action of the court in sustaining the demurrer to the second count, for it plainly appears that the negligence asserted there, the failure to furnish life lines or life rafts required by section 3767 of the Compiled General Laws of Florida 1927, could not have been the proximate cause of plaintiff's injury, if indeed, which we are inclined to doubt, the statute at all applies to a pool of the kind in question.

That the court did commit error, however, in directing a verdict does not, we think, admit of question. It goes without saying, in fact, it is not disputed, that proprietors of bathing pools owe to their patrons a duty to exercise due care, not only in providing a safe and proper place as such, but in policing and supervising the place to protect those coming there from wanton and unprovoked assault and injuries at the hands of other persons there. Especially is this duty laid upon proprietors with regard to women and children, to protect them from rude, boisterous, and unprovoked attacks and assaults. The case made by plaintiff showed an egregious want of care, not only entitling her to go to the jury, but, if her testimony was believed, making a clear case for recovery. It showed her presence at the pool as a patron, entitled to be there; the presence there of other persons, invited to entertain and amuse those who, like plaintiff, came as paying guests; conduct of those persons, boisterous, rude, and dangerous to a degree, going on without let or hindrance, and with apparently no one there present to prevent it; that suddenly, and without warning, she was hurled into the pool by one of those persons, with resulting serious injury. Such evidence if believed made a clear case for recovery. It required the submission of plaintiff's case to the jury.

For the error in instructing a verdict, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.