## GENERAL OUTDOOR ADVERTISING CO. v. FROST.

### No. 7589.

Circuit Court of Appeals, Fifth Circuit.
March 21, 1935.

A. Judson Hill and Edward E. Fleming, both of Miami, Fla., for appellant.

E. B. Donnell, of West Palm Beach, Fla., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellee filed this suit in a state court of Florida to recover damages for personal injuries resulting from a collision between an automobile he was driving and a truck owned by appellant. The suit was removed to the federal court. Defendant pleaded not guilty and contributory negligence of the plaintiff. A motion for a directed verdict for defendant was overruled. The case was submitted to a jury and resulted in a verdict for plaintiff in the sum of $3,500, on which judgment was entered. After vainly applying for a new trial, this appeal was taken. Error is assigned to the denial of the motion for verdict.

The record discloses the following undisputed facts: On the night of February 13, 1933, between 7 and 8 o'clock, appellant's truck of 3½ tons capacity, quite a large vehicle, loaded with several pieces of timber, one of which protruded from 3 to 4½ feet beyond the rear end, was parked on the east side of a street in the town of Boynton, Fla., headed north, in front of a restaurant into which the driver and another man had gone to eat. The street was part of a paved highway, 48 feet wide, running in a general north and south direction. Between the edge of the paved road and the restaurant there was a graveled space about 15 feet wide. The right front wheel of the truck was 2 feet 3 inches and the right rear wheel was 3 feet 8 inches from the east header of the roadway. The tail-light on the truck was burning, and there was a red flag on the end of the protruding timber. The restaurant was well lighted, and also had a light under a canopy extending over its door. Directly opposite was an ordinary street light, which was also burning. At the time of the accident the street was clear of other cars or obstructions. Appellee, driving a Ford coupé, came along the highway from the south, stopped at a street intersection about 200 feet away from the truck to obey a traffic signal, and then proceeded along the highway in a northerly direction. Appellee testified that he was driving between 6 and 8 feet from the extreme edge of the paving at a rate of between 10 and 15 miles per hour; that when he had proceeded approximately 75 feet from the corner where the traffic light was located he noticed a dim red light ahead, which appeared to be the tail-light of a bulky object like a truck; that he estimated the truck to be about 15 or 20 feet ahead of him; that he did not remember trying to stop his car, but he attempted to turn out to the left to avoid hitting it. The night was dark but clear, and visibility was good. Other witnesses who were standing respectively 200 and 150 feet away from the truck saw the tail-light plainly, and other motorists passing on the highway saw the truck and had no difficulty in avoiding it. The coupé ran under the timber and collided with the body of the truck and the end of the timber struck the windshield, breaking it, and inflicting injuries on appellee.

 It is doubtful that appellant's agent was guilty of negligence in parking the truck where he did, under the conditions shown. Putting that aside as immaterial, it is perfectly plain that appellee was guilty of contributory negligence, without which the accident would not have occurred. It was his duty to keep a lookout, and if he had done so he would have seen the truck in time to avoid it, and he had at least 40 feet of clear space in which to pass. When he did see the truck, if he was going at a rate of 10 to 15 miles an hour, he had time to stop before hitting the truck; but he made no effort to do so. The doctrine of contributory negligence is not modified by statute in Florida, and is a complete defense in an action for damages for personal injuries based on negligence. Union Bus Co. v. Smith, 104 Fla. 569, 140 So. 631. On the undisputed facts, whether appellee was guilty of contributory negligence became a question of law. It was the duty of the District Court to direct a verdict for defendant. It was error not to do so.

Reversed and remanded.