CALIANDO et ux. v. HUCK.
Civ. No. 340.

United States District Court
N. D. Florida, Pensacola Division.
July 8, 1949.

Yonge, Beggs & Lane, Pensacola, Fla., for plaintiffs.

Fisher, Fisher, Hepner & Fitzpatrick, Pensacola, Fla., for defendant.

DE VANE, District Judge.

Plaintiffs, husband and wife, brought this action against defendant to recover for injuries suffered by them by reason of an automobile accident in which their automobile was in a collision with a truck owned by defendant and operated by his agent.

The complaint alleges that on April 18, 1948, plaintiff, Francis J. Caliando, was

the owner and operator of an automobile traveling east on U. S. Highway No. 90, in Okaloosa County, Florida, and that defendant was the owner of a truck being operated in an easterly direction on said highway, with the knowledge and consent of defendant, and at said time and place the truck was so negligently and carelessly driven and operated it collided with the automobile in which plaintiffs were riding; that as a result of said collision the automobile of plaintiff was badly damaged and that numerous wounds, bruises and contusions were inflicted upon him and upon the other plaintiff, Henrietta Caliando, his wife. Both seek to recover for the damages to the automobile, medical expenses and for loss of compensation when unable to work and for other collateral damages.

The Answer denies negligence on the part of defendant and sets up several other defenses, only two of which the court needs to consider in disposing of this case.

Defendant alleges contributory negligence on the part of plaintiffs in the operation of the automobile in which they were riding and alleges that plaintiffs, Francis J. Caliando and Henrietta Caliando were engaged in a joint venture and that the motor vehicle in which they were then and there riding was so carelessly and negligently operated that plaintiffs and each of them contributed to and caused the damages complained of.

■ Plaintiffs testified that they resided in California and on the day of the accident were on their way to Jacksonville, Florida to visit relatives of Henrietta Caliando and intended while there to endeavor to find employment in Jacksonville with the expectation of moving there, should they be successful in this regard. Both plaintiffs testified that they had, since their marriage, pooled all their earnings and that their savings went into a joint account; that they had purchased the automobile being driven at the time from this joint account and that the expenses of the trip were being paid from their joint savings. Plaintiff, Henrietta Caliando, testified that she had been employed ever since her marriage and the evidence shows that her earnings had at least equalled those of her husband.

From this testimony the court finds and holds that plaintiffs were engaged in a joint venture at the time of the accident and that if the plaintiff, Francis J. Caliando, was guilty of contributory negligence such negligence will be imputed to his wife. Union Buss Co. v. Smith, 104 Fla. 569, 140 So. 631.

Passing now to the question as to whether plaintiffs were guilty of contributory negligence sufficient to defeat their right of recovery, the evidence upon this question is in some respects in sharp conflict. Plaintiffs testified that the day of the accident was a fair, dry day; that visibility was good and that the roadway was straight and level. They testified they were traveling between 45 and 50 miles per hour and that as they attempted to pass the truck of defendant, without warning or any appropriate signals of any kind, the truck made a left turn in front of and in the path of their automobile and it was impossible to avoid the collision. The evidence shows the truck was delivering a load of ice to a restaurant operated in connection with a tourist camp and that the purpose of the left turn was to drive into the entrance of the tourist camp.

The agent of defendant, who was operating the truck, testified that he was traveling at a rate not exceeding 25 miles per hour; that he gave the appropriate signal for a left turn off the highway; that he did not see the approaching automobile, although the truck was properly equipped with a mirror that should have made same visible.

Defendant also called as a witness a man employed by the restaurant, who was waiting to receive the ice. The restaurant was closed at the time and said employee's duties would be over for a time as soon as the ice was delivered. He was, of course, anxious to get away and testified he went outside the restaurant to watch for the truck. He did not see the collision, but he testified he saw defendant's agent give the appropriate signal for a left turn into the tourist camp and that the signal was given sufficiently in advance of the time the turn was made for him to go back into the restaurant before the collision occurred.

This conflict in the testimony as to the accident makes it necessary for the court to examine other evidence submitted bearing upon the question of negligence. The court again refers to the testimony of both plaintiffs that the highway was straight and level at the place where the accident occurred. Plaintiffs testified further that they were unfamiliar with the highway and that this was the first time they have traveled it. Defendant introduced in evidence a sketch prepared by a State Highway Patrolman, who came to the scene of the accident shortly after it occurred. The patrolman testified that the road was hilly in both directions from the point where the accident occurred and he drew a sketch showing the contour of the roadway. The accident occurred right at the top of one of the hills and the patrolman testified that it would have been impossible for plaintiffs to have seen an approaching automobile, from the opposite direction, at the time they attempted to pass defendant's truck. Defendant also introduced three photographs showing the roadway at the point of the accident and in each direction therefrom. These photographs support the testimony of the highway patrolman, that the terrain was quite hilly at this point.

The court is impressed with the evidence portrayed by the photographs and with the testimony of the highway patrolman. This evidence convinces the court that plaintiffs were guilty of gross contributory negligence in attempting to pass the truck of defendant at the point of the accident. One of the nightmares of all cautious operators of automobiles is that they will someday be met near the top of some hill by some careless driver attempting to pass another automobile going in the same direction, and such negligence should not be condoned by the court. From all the evidence in the case the court finds and holds plaintiffs were guilty of such contributory negligence as will defeat their right to recover in this case.

The conclusion of the court with reference to the contributory negligence of plaintiffs makes it unnecessary for the court to review the evidence as to the negligence of defendant as contributory negligence is a complete bar to recovery, under the law of Florida. German-American Lumber Co. v. Hannah, 60 Fla. 70, 53 So. 516, 30 L.R. A., N.S., 882; O'Brien v. Standard Oil Co. of Kentucky, 5 Cir., 38 F.2d 808.

A Judgment will be entered in conformity with this Memorandum Decision.