HOBSON, Justice.
On June 17, 1952, between eight thirty and nine o’clock A.M., Roberta Long was riding as a passenger in an automobile which she owned but which at the time was being driven by her daughter, Eloise Long, with the mother’s express permission and consent. There was a third person sitting on the front seat of the car and three other people on the back seat. They were embarked on a fishing, expedition for mutual pleasure and recreation. The motor vehicle was being driven on Lyman Avenue, which is a dirt street situate within the corporate limits of the City of Winter Park. The automobile struck a manhole which was located near the center of the dirt street and which protruded, according to the testimony of the witness Charlie Link, above the street level approximately six inches on the south side and about four, and one half inches on the north side. Link also testified that he had observed' the manhole for about three months prior to the date of the accident, and that his attention was directed to it because when he would walk along and “wouldn’t be thinking [he would] stumble over it.” According to this witness the manhole had rusted. ■ It wasn’t “dark and black” but was “dirty and dusty from traffic running over the road”. We do’ not find any evidence in the record to the effect that the driver did not, in fact, see the manhole. Roberta Long testified that she had been on Lyman Avenue before but “never passed over and saw the manhole, I don’t go down that way very often.”
Appellant filed this suit against the City of Winter Park in which she sought to recover for alleged personal injuries, as well as for damage to her automobile.
Our statement of facts of necessity comes from the testimony adduced on behalf of Roberta Long. The evidence is considered by us in the light most favorable to 'the appellant as is required by law because the Circuit Judge, after motion for directed verdict made at the conclusion of the plaintiff’s case, announced that he was going to grant the motion, whereupon counsel for appellant successfully moved for a nonsuit. Appellee does not contend that appellant under the circumstances of this case could not, but on the contrary admits it is well settled that’she could, take'a non-suit and prosecute this appeal.
The' question presented for ■ our determination is whether the trial judge erred in concluding and ruling that Roberta Long had failed to'adduce evidente sufficient to make out a prima facie case, not necessarily because her evidence did not justify a finding of liability on the part of the city, but primarily' for the reason that, in !his judgment, the plaintiff by the evidence which she offered showed that the obstruction was “easily visible and should have been visible to the driver”; therefore, appellant as a matter of law should be held guilty of' contributory negligence.
We are constrained to disagree with the able trial judge who decided this case. We do hot mean to infer that had the evidence submitted by Roberta Long shown clearly that the driver of the car was guilty of contributory negligence, such negligence could not properly be imputed to appellant. We hold only that the testimony in this case viewed in the light most favorable to appellant does not compel the conclusion that as a matter of law Eloise Long was guilty of contributory negligence. For the position of this court upon the applicability of the doctrine of imputed negligence see Seaboard Air Line R. Co. v. Watson, 94 Fla. 571, 113 So. 716; Union Bus Co. v. Smith, 104 Fla. 569, 140 So. 631; and Tampa & G. C. R. Co. v. Lynch, 91 Fla. 375, 108 So. 560. Compare Tampa Electric Co. v. Bazemore, 85 Fla. 164, 96 So. 297, wherein we observed that’the doctrine of imputed negligence does not obtain in this state. The peculiar facts of that case evidently provoked such pronouncement for there defendant took the position *578 that the negligence of the child’s father in allowing his two and one-half year old child to go on the street unattended should be imputed to the child. Consider also the doctrine of respondeat superior as applied in Lynch v. Walker, 159 Fla. 188, 31 So.2d 268; Boggs v. Butler, 129 Fla. 324, 176 So. 174, and cases cited therein.
Tire testimony adduced by the plaintiff is sufficient to justify a jury in concluding that the driver of the car, although she should, and may, have seen the man- ■ hole and thereby have had knowledge of the conditions from which the peril arose, was not so situated as to have knowledge and appreciation of the danger with which she was confronted because of the dust, , dirt or sand that had accumulated upon the manhole, as well as the rusty condition of its cover. In other words, the jury might have reasonably inferred that neither Eloise Long nor appellant under existing circumstances could have appraised the situation .and realized that the height of the manhole above the surface of the street was so great as to fail to permit the car to pass over it without mishap. Of course, the jury would have been justified in concluding that the driver had the right to assume that the city had carried out its duty of maintaining Lyman Avenue in a reasonably safe condition for vehicular traffic. Moreover, the jury would have acted entirely within its province had it imputed knowledge to the city of the dangerous situation created by the condition of the manhole because Charlie Link testified that he had observed it approximately three months prior to the date of the accident.
We are not inclined to agree with the contention of appellee that there is no competent substantial evidence in this record upon which the jury might lawfully have based a verdict in favor of appellant. True it is that this transcript presents a border line case, but we are forced to conclude that appellant’s testimony concerning her personal injuries and the pain and suffering attendant thereon constitutes sufficient predicate for a verdict favorable to her if a jury should, upon a consideration of all the evidence which might be presented, accept such testimony at face value.
Reversed and remanded for further proceedings not inconsistent with this opinion.
ROBERTS, C. J., and THOMAS and DREW, JJ., concur.