**Andrew Jackson WHEELER,**

v.

**W. W. HOLLAND, as Director of Internal Revenue of the United States for the Collection District of Georgia and United States of America.**

**No. 15142.**

United States Court of Appeals, Fifth Circuit.

Jan. 18, 1955.

Hal Lindsay, Atlanta, Ga., for appellant.

James Q. Riordan and Ellis N. Slack, Sp. Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

In April, 1951, appellant executed a United States Treasury Department Form 870, waiving [1] the restrictions on assessment and collection of income tax, penalties and interest for the taxable years 1942–1947, inclusive. Pursuant to this waiver, assessments in excess of $50,000 were made against appellant, warrants for distraint were issued and collection procedures were instituted. Appellant, contending that he does not actually owe the amount of taxes assessed against him and that the waiver was extorted from him by means of fraud and duress, instituted this action to enjoin what he characterizes arbitrary and capricious abuse of process. After a full trial on the merits, the trial court, sitting without a jury, found appellant's contentions unfounded in law and in fact and entered an order dismissing the complaint. Appellant prosecutes this appeal from that judgment, asking this Court to review the evidence and to hold that the findings of the trial court are clearly erroneous.

The memorandum findings of fact and conclusions of law entered by the trial court are reported at 120 F.Supp. 383. Reference thereto makes it unnecessary for us to relate the facts disclosed by the record in detail. It is sufficient to say that appellant's evidence was intended to prove that Internal Revenue Agent Young threatened him with criminal prosecution for income tax evasion if he refused to execute the waiver; that appellant was offered a choice of agreeing

1. See § 6213(d), Internal Revenue Code of 1954, 26 U.S.C.A., formerly 26 U.S.C. § 272(d).

to the proposed assessment or being confronted with a larger one; that the Revenue Agents refused to give proper consideration to appellant's proposals, and that the assessments to which appellant agreed were so excessive that no rational, uncoerced person would have consented to them. In refutation of this evidence, appellees relied upon testimony denying each of the contentions advanced by appellant and showing that the ultimate settlement, evidenced by the waiver, was a compromise of a disputed tax liability. Appellees also introduced testimony to show that the assessments were not without rational basis and that the conferences preceding the execution of the waiver were conducted in an orderly and forthright manner.

■■ According to appellant's view, the findings of fact made by the trial court are contrary to the great preponderance of the evidence. Unfortunately for him, in determining whether those findings are clearly erroneous, this court must consider the evidence, and such reasonable inferences as may be drawn therefrom, in the light most favorable to the appellees, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. When thus viewed, it is clear that the findings are supported by the evidence and that the judgment based upon them should be affirmed. The record presents a situation where accusations are made by the one party and are flatly denied by the other, thereby raising conflicts on fact issues which had to be resolved by the trial court. Such resolution depended largely, if not almost entirely, upon the credibility of the witnesses. The trial court saw and heard all of the witnesses and was in a better position than we to determine their credibility. Obviously, it believed the witnesses who testified for the appellees and resolved conflicting issues of fact accordingly. We find nothing in the record nor in the argument of counsel to convince us that the court was not justified in making this determina-tion or that the findings of fact based thereupon are clearly erroneous.

The judgment is affirmed.

Judgment affirmed.