Pauline DES ISLES, formerly known as
Pauline M. Dinsmore, Appellant,

v.

Harry EVANS and I. Evans, d/b/a Sea
Gull Pool & Cabana Club,
Appellees.

No. 15480.

United States Court of Appeals
Fifth Circuit.

Aug. 23, 1955.

See, also, 200 F.2d 614.

Felicien Y. Lozes, New Orleans, La.,
Louis Glick, Sheldon Dubler, Miami, Fla.,
for appellant.

Willi. n R. Alvin, Miami, Fla., for appellees.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, District Judge.

CAMERON, Circuit Judge.

Appellee filed a motion to dismiss the appeal, claiming that this court is without jurisdiction to hear the appeal for failure of appellant to file her notice of appeal within thirty days from the entry of the final judgment. The motion for new trial was denied November 22, 1954, and notice of appeal was not given until December 27, 1954, the court having theretofore entered an order extending time to file the notice. We do not pass upon the validity of this order of extension because we think the motion must be overruled on other grounds.

■■■ Within the thirty days provided by Rule 73(a), F.R.C.P., 28 U.S.C.A., appellant filed a petition for authorization for leave to appeal in *forma pauperis*. Appellant claims that this petition constituted a sufficient compliance with the requirements of that rule. Under authority of Fishbaugh v. Armour & Co., 4 Cir., 1950, 185 F.2d 541; Shannon v. United States, 1953, 93 U.S.App.D.C. 4, 206 F.2d 479; Tesciona v. United States, 9 Cir., 1944, 141 F.2d 811, we hold that this petition was a substantial compliance with the rule.

The rules have for their primary purpose the securing of speedy and inexpensive justice in a uniform and well ordered manner; they were not adopted to set traps and pitfalls by way of technicalities for unwary litigants, Alabama Great Southern Railroad Co. v. Johnson, 5 Cir., 1944, 140 F.2d 968. Therefore, substantial compliance with the rules is sufficient, and appellant's petition for leave to appeal in *forma pauperis* adequately met the requirements of Rule 73 (a).

The motion to dismiss the appeal is overruled.

## On The Merits

The question involved here is whether the court below, sitting without a jury, committed clear error in its finding that plaintiff had failed to establish that defendants were negligent in connection with personal injuries received by her when she dove from the low diving board in a public swimming pool and received personal injuries when her head struck that of a swimmer, and in its further finding that plaintiff was, herself, contributorily negligent. Appellant, Pauline Des Isles, as plaintiff, sued Harry Evans, et al., as defendants, claiming that she received personal injuries when, as a paying patron of defendants' swimming pool, she dove onto an underwater swimmer and received serious personal injuries, such injuries resulting from the negligence of defendants. The trial court heard the evidence and entered its findings of fact[1] that defendants were

---

1. "Findings of Fact:
"1. The Court has Jurisdiction of the parties and the subject matter.
"2. On December 24, 1948, the plaintiff, a patron, dove into the defendants' swimming pool from the low diving board, striking another patron with her forehead, thereby causing a larceration of the scalp, chipping of her teeth, and other injuries.
"3. The defendants had a life guard in attendance at the time of the accident, who assisted the plaintiff from the water into a nearby cabana.
"4. The defendants' manager rode to the hospital with the plaintiff in an ambulance summoned for that purpose.
"5. For approximately thirty minutes prior to diving, the plaintiff had been posing for photographs, most of which were taken with her posing on the high diving board. After the photographing, the plaintiff climbed down the high diving board, went out on the low diving board, and made the dive resulting in her injury.
"6. The plaintiff has failed to establish by a preponderance of the evidence any negligent act or omission of the defendants, their agents, or employees, which proximately caused the injury to the plaintiff.
"7. Moreover, the evidence preponderates against the plaintiff as to her using due care under the circumstances.
"8. The complaint should be dismissed with costs against the plaintiff.
"Conclusions of Law:
"1. The defendants were not insurers of the safety of the plaintiff, who is under the burden of alleging and proving negligence which proximately caused the plaintiff's injuries. In her pleading she has alleged negligence, but I do not think she has proven the charges. The

not negligent and that plaintiff was negligent, and entered its conclusions of law accordingly. From the judgment entered thereon, this appeal is prosecuted.

The case was before us on a former occasion, when we reversed a judgment sustaining Motion to Dismiss the Complaint for failure to state a claim for relief [2]. We pointed out that the complaint charged that defendants had been negligent, "a. in failing to maintain a lifeguard to prevent swimmers from entering 'the portion of the pool reserved for divers'; b. in superintending the patrons of the pool to protect them when using the diving board from underwater collision with swimmers; c. in providing a safe and proper place for divers; d. in policing and supervising the place where a patron could dive from the low diving board." Under the very liberal rules of pleading provided by the Federal Rules of Civil Procedure we held that "cases are generally to be tried on the proofs rather than the pleadings", and that the complaint was sufficient as against the Motion to Dismiss.

But appellant's proofs were not as good as her pleadings. They showed that a lifeguard was on duty and did not show that more than one lifeguard was reasonably necessary. They showed that the lifeguard was at the shallow end of the pool away from the diving board, but there was no showing that this was not a proper place for him to be, or that, in the exercise of reasonable care, there was anything which he could have done to prevent the unfortunate accident. In other words, there was no showing of

pool was not negligently constructed, neither were the diving boards. The degree of depth of the water and its character showed no negligence of the defendants. The non-roping off of the portion of the pool where diving took place was not negligence. Having but one life guard attendant was not negligence particularly so when there were so few swimmers using the pool at the time of the plaintiff's dive. Swimming and diving in a pool require a due amount of care and caution on the part of those using the pool, as well as the operators. The individual swimmer or diver is not required to get the consent of the attendant for each entry of the pool, either for swimming or diving, but with the collective use of the facilities offered, the operator has his duties to furnish a reasonably safe place for the sport, with proper maintenance by way of life guard-attendant attention, and the swimmer or diver has the duty to exercise care and caution in the joint use of the pool by other swimmers and divers. The defendants have not failed in the performance of their duties toward plaintiff.

"2. Moreover, the defendants have, by the evidence brought out on cross examination and by their own evidence, carried the burden of proving that the plaintiff was contributorily negligent, proximately contributing to her injury. The presence of the attendant at the far end of the pool and not being at the deep end of the pool at the time the plaintiff made her dive did not constitute negligence on the part of the defendants. The plaintiff did not assume the risks incident to diving in the sense that the defendants were relieved of their duties, which the Court has heretofore held were performed or complied with, but she did assume the risk of the presence of another user of the pool at the very time she was making her dive. In this sense, hopping into the air and diving into a pool which was being used by others is fraught with danger, and this assumption of possible risk or danger is properly considered when a decision is to be made on the question of contributory negligence.

"3. Under all the evidence, negligence of the defendants has not been proven, and even if a contrary view were entertained, the plaintiff has by the evidence been shown to have proximately contributed to her own injury.

"4. The Court held in abeyance rulings on the motions at the conclusion of the plaintiff's case as well as at the conclusion of all the evidence. The Court thinks best to have the conclusion rendered on a full consideration of the case on its merits, hence, denies those motions.

"5. The complaint should be and the same is hereby dismissed.

"6. The cost of this action should be taxed by the Clerk against the plaintiff."

2. Des Isles v. Evans, 5 Cir., 1952, 200 F. 2d 614.

causal connection between her injuries and any act or omission by the lifeguard.[3]

Her proofs showed that no portion of the pool was reserved for divers, and failed to show that the exercise of reasonable care required such a reservation. Her proofs disclosed that several swimmers were in the area into which appellant made her dive, and that "she dived amongst" them. She testified that she knew that the one attendant was at the other end of the pool, and that the area around the diving board was not roped off to keep swimmers away, and knew that swimmers habitually did go under and around the diving board.

Appellant further testified that, before making her dive, she looked into the waters below the board and that she saw no persons swimming on or under them. The fact is that one or more persons were under the board at the point into which she was making her dive, and her own testimony established that there were several persons in that general area. Moreover, appellant was in the best position to discover the presence of swimmers at the point where she intended to dive, and if she was unable to see the swimmer whom she struck, it is difficult to perceive how a lifeguard could have discovered his presence.

■ It was the duty of appellees to exercise ordinary care to provide a reasonably sufficient number of attendants or lifeguards to provide general supervision over the activities of their swimming pool, but that supervision does not have to extend to the special or immediate needs of each patron[4]. The character of duty owed under such circumstances was thus described in a recent Florida case[5] quoting from Shearman and Redfield on Negligence, Vol. 4 (Rev.Ed.) 1566, Par. 647:

" 'The owner or operator of a public place of amusement or entertainment is not the insurer of the safety of his patrons, but owes to them only the duty of reasonable care. He is bound to exercise only the degree of care that would be expected of an ordinarily careful and prudent person in his position, and his duty is fulfilled when he makes the place as little dangerous as such a place can reasonably be made, having regard to the contrivances necessarily used in conducting such a place.' "

It is not possible to remove all of the elements of danger from a diving board in a public swimming pool. It is common knowledge that patrons are constantly diving off of such boards and landing in close proximity to swimmers beneath. Both divers and swimmers recognize that they must be constantly on the alert to avoid collision with each other. The idea was expressed as a legal principle in the case last mentioned, which involved injury to a diver[6]: "The rule appears to be that one who participates in the diversion afforded by an amusement device accepts the dangers that inhere in it so far as they are obvious and necessary. The same is true of one who participates in other sports or pastimes, just as a fencer accepts the risk of a thrust by his antagonist or a spectator at a ball game the chance of contact with the ball."

The risks inhering in the situation were recognized by appellees, who had two signs in large, bold letters within a few feet of the low diving board and in plain view of one using it, reading: "Dive At Your Own Risk. Be Careful Before Diving".

■ Boiled down to its essence, appellant's testimony merely showed that she made her dive and crashed into the back of a swimmer's head in an area where there was much swimming activity and under circumstances in which no reasonable amount of foresight on the part of appellees could have protected her from the consequences of her act. She alone held the power to prevent the unfortunate accident, and her failure to observe the man she struck and the oth-

3. Cf. Pickett v. City of Jacksonville, 1945, 155 Fla. 439, 20 So.2d 484, 487.

4. Pickett v. City of Jacksonville, supra.

5. Payne v. City of Clearwater, 1944, 155 Fla. 9, 19 So.2d 406, 408.

6. 19 So.2d at page 407.

ers close by amounts to contributory negligence which bars her recovery.[7] Appellant produces no persuasive authority to sustain her position, the nearest approach being a decision by a municipal court of the City of New York [8].

Appellant's entire argument is pitched on the assumption that the court below committed an error of law as would possibly have been the case if the court had directed a jury to find a verdict against her. The fact is, however, that the case was tried by the court without a jury, and the facts were found by the court upon conflicting evidence, and its decision based upon those facts stands unless it is demonstrated that it is clearly erroneous. We have expressed the rule recently in this manner, Wheeler v. Holland, 5 Cir., 1955, 218 F.2d 482, 483:

> "Unfortunately for him, in determining whether those findings are clearly erroneous, this court must consider the evidence, and such reasonable inferences as may be drawn therefrom, in the light most favorable to the appellees, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. When thus viewed, it is clear that the findings are supported by the evidence and that the judgment based upon them should be affirmed. * * * The trial court saw and heard all of the witnesses and was in a better position than we to determine their credibility."

Such is the situation here. The case was presented entirely by oral testimony. The court found that appellant had failed to establish her charges of negligence, and that her testimony showed that her own negligence contributed to her injuries.[9]

The evidence amply sustains the findings of the court on both points and, under Rule 52(a), F.R.C.P., appellees must prevail. The judgment is

Affirmed.

---

7. Quinn v. Smith, 5 Cir., 1932, 57 F.2d 784; Payne v. City of Clearwater, 1944, 155 Fla. 9, 19 So.2d 406; Pickett v. City of Jacksonville, 1945, 155 Fla. 439, 20 So.2d 484; Andrews v. Narber, Fla. 1952, 59 So.2d 869; Clyde Bar, Inc., v. McClamma, 1917, 152 Fla. 118, 10 So. 2d 916; 65 C.J.S., Negligence, § 2, p. 324; Shuttleworth v. Crown Can Co., 7 Cir., 1948, 165 F.2d 974; General Electric Co. v. Rees, 9 Cir., 1954, 217 F.2d 595.

8. Esposito v. St. George Swimming Club, Inc., 1932, 143 Misc. 15, 255 N.Y.S. 794. The opinion was rendered by the trial judge who tried the case without a jury. The person injured was a swimmer who was jumped upon by a diver. The judge thought that the facts there, including

the crowded condition of the pool, imposed upon the operator the duty to take some sort of precaution to prevent swimmers from being jumped upon from above. As finder of the facts, he concluded that the failure to take any precautions was negligence. The finder of the facts here reached the opposite conclusion. Moreover, that case stands alone and does not persuade us to consider overturning the lower court's findings here.

9. Contributory negligence bars recovery under Florida law. Geigy Chemical Co. v. Allen, 5 Cir., 1955, 224 F.2d 110; General Outdoor Advertising Co. v. Frost, 5 Cir., 1935, 76 F.2d 127; Union Bus Co. v. Smith, 1925, 104 Fla. 569, 140 So. 631.