COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of MARGARET TRAPANI, Appellant, v. PETER VANDAGNO, Respondent.— Order of the Court of Special Sessions of the City of New York, Borough of Brooklyn, adjudging that the defendant is not the father of complainant's child, reversed on the law and the facts and a new trial ordered in said court upon the ground that the determination is against the weight of the evidence. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.

ROSE DAVISON and Another, Appellants, v. LONG ISLAND HOME, LIMITED, Respondent.— Judgment dismissing the complaint in an action for assault on the plaintiff wife and for expenses caused thereby to the plaintiff husband reversed on the law and a new trial granted, costs to abide the event. The alleged admissions made by Dr. Price were admissible and *prima facie* established that the defendant's nurse had broken the jaw of the plaintiff wife. The weight that should be given to that testimony is for the jury and its frailty does not affect its admissibility. It affirmatively appears that Dr. Price made an investigation into the incident and that he was the superintendent and in effect the general manager of the defendant. The scope of his agency and authority was so broad that he, if the testimony be credited, could make an admission of liability, even though it was based on hearsay, if it was of a character that satisfied him and thereby caused him to make the admission. If Dr. Price himself had operated the institution as an individual venture he could, on a similar claimed basis of investigation, make an admission of liability, even though he had no personal knowledge of the incident upon which liability was asserted. (*Anthus* v. *Rail Joint Co.*, 193 App. Div. 571; *Stecher Lithographic Co.* v. *Inman*, 175 N. Y. 124, 127.) Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.