In the Matter of the Application of Sidney Roossin for Relief under the United States and New York State Soldiers' and Sailors' Relief Acts. Sidney Roossin, Appellant; David Vorhaus, Sol S. Schiff and Sidney Greenman, Respondents.— Order denying application of petitioner for an order suspending the payment of monthly installments pursuant to written contract and directing resumption thereof after petitioner's discharge from military service, directing repayment of the sum of $166.67 paid by petitioner after induction into military service, and for an injunction restraining the respondents from declaring any default and attempting to collect the promissory notes, affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

Sebastian Laut, as Administrator, etc., of John Donaldson Laut, Deceased, Respondent, v. Brooklyn & Queens Young Men's Christian Association, Appellant.— In an action to recover damages for the death of plaintiff's intestate caused by drowning in the defendant's swimming pool, judgment entered on the verdict of a jury in favor of plaintiff reversed on the law, with costs, and the complaint dismissed on the law, with costs. The evidence is insufficient to warrant an inference of negligence causing the accident. (Maher v. Madison Square Garden Corp., 242 N. Y. 506; Curcio v. City of New York, 275 id. 20.) Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

John Mandia, Appellant, v. Wilson & Co., Inc., Respondent, and Another, Defendants.— In an action to recover damages for personal injuries sustained by reason of a fall on a stairway in premises leased by respondent and within its control, judgment for respondent in accordance with the granting of a motion to dismiss at the close of the plaintiff's case, reversed on the law and a new trial granted, with costs to abide the event. The proof would warrant a finding that the proximate cause of the happening of the accident was the presence of grease on the step from which plaintiff slipped. Notice, actual or constructive, or proof that respondent itself had caused the condition, was essential to recovery. The alleged admission by one Hadley to the effect that he had told employees of the respondent to clean up the grease was sufficient in this respect. The status of Hadley with respect to the respondent, namely, as its manager or superintendent, was testified to by plaintiff and his son, without objection, and was not the subject of dispute at the trial or on this appeal. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

Giulia Massella, Respondent, v. The Prudential Insurance Company of America, Appellant.— Defendant appeals from a judgment entered upon a decision after trial by the court without a jury, in favor of plaintiff individually, in actions on two so-called industrial life insurance policies. Judgment of the City Court of Yonkers unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

Giulia Massella, as Administratrix, etc., of Grazia Marazita, Deceased, Respondent, v. The Prudential Insurance Company of America, Appellant.— Defendant appeals from a judgment entered upon a decision after trial by the court without a jury, in favor of plaintiff in her representative capacity, in actions on three so-called industrial life insurance policies. Judgment of the City Court of Yonkers unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.