MILTON EPSTEIN, Appellant, *v.* HARRY L. COHEN, Respondent.

Submitted March 12, 1942; decided June 4, 1942.

*Alvin C. Cass* and *Jacques W. Bacal* for appellant. The Appellate Division improperly affirmed the judgment for defendant. (*Tortora v. State,* 269 N. Y. 167; *Matter of Jordan* v. *Decorative Co.,* 230 N. Y. 522; *Allen* v. *Ennis,* 253 App. Div. 769; 279 N. Y. 578; *Spreen* v. *McCann,* 264 N. Y. 546; *Haddix* v. *Tomich,* 245 App. Div. 727; *DiCarlo* v. *Feldman,* 246 App. Div. 682; *Marinan* v. *Kronberger,* 280 N. Y. 640.) The trial court erroneously refused to charge the jury as to the effect of defendant's subsequent admis-

sion to plaintiff. (*Gangi* v. *Fradus*, 227 N. Y. 452; *Koester* v. *Rochester Candy Works*, 194 N. Y. 92; *Hildebrand* v. *Hempstead Machine Works, Inc.*, 246 App. Div. 756; *Nelson* v. *Nygren*, 233 App. Div. 573; 259 N. Y. 71; *People* v. *Odell*, 230 N. Y. 481; *Matter of Taylor*, 197 App. Div. 865.)

*James J. McLoughlin, Robert F. White* and *John J. Kirwan* for respondent. The verdict of the jury was a proper one and requires affirmance. (*Galbraith* v. *Busch*, 267 N. Y. 230; *Lahr* v. *Tirrill*, 274 N. Y. 112; *Hammond* v. *Hammond*, 227 App. Div. 336.) The trial court's refusal to charge the jury as requested by plaintiff's counsel was proper. (*Rhinelander* v. *Rhinelander*, 219 App. Div. 189; *Polachek* v. *New York Life Ins. Co.*, 147 Misc. Rep. 16; *Perlman* v. *Schank*, 192 App. Div. 179; *Milio* v. *Railway Motor Trucking Co.*, 257 App. Div. 640; *Galbraith* v. *Busch*, 267 N. Y. 230; *Garbaczewski* v. *Third Ave: R. R. Co.*, 5 App. Div. 186; *Williamson* v. *Atlas Powder Co.*, 241 N. Y. 557; *Schoenherr* v. *Hartfield*, 172 App. Div. 294; *Studner* v. *H. & N. Carburetor Co.*, 185 App. Div. 131.)

*Per Curiam.* The case of *Galbraith* v. *Busch* (267 N. Y. 230) would be determinative of the instant action were it not for the statement claimed to have been made by defendant to plaintiff. The jury could have found that it constituted an admission of negligence and thus, with the other evidence, established plaintiff's cause of action. The court in its charge made no reference to the statement and when requests to charge were made, declined to permit it to be considered by the jury in determining the question of defendant's negligence. That was error requiring reversal. (*Gangi* v. *Fradus*, 227 N. Y. 452, 456; *Koester* v. *Rochester Candy Works,* 194 N. Y. 92, 97.)

The judgments should be reversed and a new trial granted, with costs in all courts to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.