Harold Baer, J.
This is a motion to set aside a jury verdict. The plaintiff claimed to have fallen over rope or twine on the floor of defendant’s premises. Notice to defendant consists of an admission made by an officer and the manager of defendant Immediately following the accident. The plaintiff was seriously and permanently injured and incapacitated.
This court recognized the serious questions involved with respect to negligence, contributory negligence and notice. The jury was fully charged with relation to each of these issues and after query, this part of the charge was given to the jury a second time. After full consideration the jury brought in a verdict for $60,000.
The court should not set aside a jury verdict unless it is clearly against the weight of evidence or the evidence is incredulous (Politi v. Irvmar Realty Corp., 7 A D 2d 414; Imbrey v. Prudential Ins. Co., 286 N. Y. 434; Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241; Fealey v. Bull, 163 N. Y. 397).
Defendant relies on Golden v. Horn & Hardart Co. (244 App. Div. 92, affd. 270 N. Y. 544). While there is similarity, there are also important distinctions between the facts in that case and the one at issue.
In the Golden case, the court held that an assistant manager’s statement to a bus boy, 1 ‘ I thought I told you to take care of the stairs ”, made some time after the accident, was not part of the res gestae and was not admissible. Furthermore, in that case, there was a serious question as to whether defendant or its employees knew of the existence of the foreign matter on the stairs. In the case at bar, the statement on which notice is based was made by an officer and manager to another employee, immediately after the accident. This statement was part of the res gestae but in any event it was an admission against 'interest, made by the defendant through its managing agent (Davison v. Long Is. Home, 243 App. Div. 791; Epstein v. Cohen, 288 N. Y. 307; Warnock v. Monje, 279 App. Div. 842; Mandia v. Wilson & Co., 262 App. Div. 1038; Reed v. McCord, 160 N. Y. 330). The probative value of defendant’s statement was for the determination of the jury (Gangi v. Fradus, 227 N. Y. 452, 457).
This plaintiff entered the defendant’s store as an invitee and from a description of the premises and the condition of the area *68 surrounding the place of accident, the jury could very well find defendant was negligent and plaintiff free of contributory negligence (Sears, Roebuck & Co. v. Peterson, 76 F. 2d 243; Conroy v. Montgomery Ward & Co., 275 App. Div. 980, affd. 300 N. Y. 540; Davis v. Kresge Co., 267 App. Div. 850; Mandia v. Wilson & Co., supra; Warnock v. Monje, supra).
The serious nature of the injuries and their permanency precludes reduction of the verdict. Motion to set aside or reduce verdict is denied.