Sidney Squire, J.
Claimant seeks to recover $25,346.60 for her personal injuries sustained on June 8,1957. Notice of intention to file claim was filed and served on July 24,1957. The claim (pleading) was filed and served on January 20', 1959. Each of the foregoing acts was timely.
Paragraph 2 of the claim (pleading) predicates the cause of action on the alleged 11 negligence of the State in maintaining a certain chair in an area provided for paying guests of the State at the Anthony Wayne Pool located in Stony Point Township, Rockland County, New York, and particularly in failing to inspect and repair the said chair which was defective, broken and unsuitable for use.”
On Saturday, June 8, 1957 at about 11:00 a.m., the claimant and two lady friends entered the Anthony Wayne Park and Pool area. This facility, located in the township and county as pleaded, was then owned, operated, controlled and maintained by the defendant, the State of New York.
*322 At about 2:00 p.m., the claimant paid an admission fee at the pool area where she obtained a locker, deposited her clothing and changed into a bathing suit. The three ladies went to the grass area, a distance from the pool. There were chairs in said area. Claimant selected an aluminum folding chair with arms. As she testified on direct examination ‘1 And I sat down and then the chair — I just straddled it and sat down and went completely backwards and threw me out. It happened so quickly it folded up, it collapsed, and I felt this terrific pinge or something.”
As a result, claimant sustained a complete amputation, resection of the terminal phalanx of her right middle finger. (Immediately after the accident, the tip of her right middle finger was found at the scene. Said tip had been severed close to the nail bed.) Miss Ventola was immediately taken to a first-aid station at the State park where a nurse and physician looked at the injury. In pain, the lady was taken by two policemen in a police car to the office of Dr. Barney Sisserson in neighboring Highland Falls. Said physician looked at the finger and instructed the two policemen to take claimant to the Cornwall Hospital in Cornwall. There, successful surgery was performed by Dr. B. A. McTamaney.
Miss Ventola remained in said hospital until her discharge on June 14,1957 when she went to her mother’s home in Sloatsburg, New York, for recuperation. There she stayed for about four weeks. During said period of time she was examined on separate occasions by Dr. Sisserson and Dr. McTamaney.
Claimant returned to work on July 8,1957 at Bonson Corporation, to her usual task as office manager and personnel assistant, earning $110 weekly. There was no claim for lost earnings. Throughout that first month and for a time thereafter, said finger was painful on touch, could not be bent and could not be used to typewrite.
Prior to the occurrence, claimant was a champion bowler. After this incident, she was unable to continue such pleasurable activity because she could not effectively hold a bowling ball. So, too, as a consequence of said injury, Miss Ventola has had difficulty in playing the piano because of the lost three-quarter inch of said finger. Since said amputation, the nail of that finger has fallen off five times. On each of such occasions, the finger was extremely sensitive.
Due to the occurrence, claimant was caused to make the following reasonable expenditures: $151.60 to the Cornwall Hospital, $100 to Dr. B. A. McTamaney, $75 to Dr. Barney Sisserson and $20 to Dr. Harold Levy.
*323 Claimant and her two friends made excellent impressions during their testimony. They were truthful witnesses. The obstacles which prevent recovery by claimant are legal and factual. Claimant testified that before the incident she examined the chair and “ it looked fine to me ”. She did not test the chair. Nor did anyone at her behalf examine it immediately after the occurrence. Such examination by defendant disclosed no defect in this aluminum folding chair with two arm rests. There was no proof of any defect in the chair. That is basic in this case.
On said day, the claimant weighed approximately 215 pounds; she wore a size 40 dress and was five feet and three-quarter inches tall. The entire record is barren of any proof as to where the lady had placed her right hand as she was sitting down and specifically what caused the amputation of the damaged finger. Indeed, one of the ladies in her party candidly testified: “ I think I might sit down a little differently than Miss Ventola was doing ”.
Through a senior park supervisor, the defendant proved the practice utilized in setting up these folding chairs every morning in said area. Said witness, who was employed at the park since June, 1955, when the facility was first opened to the public, testified concerning this procedure under his supervision. During the two-year period between the opening of the park and said date, none of these folding aluminum chairs had been the subject of any occurrence.
The legal question is an interesting one. Here, there is an absence of proof as to the specific manner in which the incident occurred. Moreover, these folding chairs had been used by many patrons and were not in the exclusive control of the defendant. At bar, the evidence does not remove the inference of claimant’s own responsibility.
The quoted portion of the claim (pleading) (supra) averred the State’s negligence. Claimant’s verified bill of particulars carefully delineated the claimed acts of commission and omission. Nowhere in the pleading or bill of particulars was there any mention of claimant’s reliance on the theory of res ipsa loquitur. A defendant should be apprised of this before the trial. Not until the close of the entire ease when the defendant renewed its motion to dismiss the claim, did claimant assert the legal posture of relying on this recognized legal principle.
The unanimous Per Curiam opinion of the Appellate Division, Second Department (May, 1950), in Bailey v. Bethlehem Steel Co. (277 App. Div. 798, affd. 302 N. Y. 717) states: “ Plaintiff, however, was not entitled to go to the jury on the theory that the rule of res ipsa loquitur was applicable. In her complaint *324 and bill of particulars she charged the defendant with specific acts of negligence which by her proof she sought to establish. (Goodheart v. American Airlines, Inc., 252 App. Div. 660, 254 App. Div. 566.) ”
In any event, even if the claimant were not required to aver it in the pleading or allege it in the bill of particulars, res ipsa loquitur does not apply here.
At the close of the entire case, claimant’s counsel argued that the facts at bar were within the res ipsa loquitur doctrine and cited a number of allegedly pertinent decisions. These are not applicable. Said cases involved defective instruments or objects. In the instant ease, no defect was proved nor was it adduced that the folding chair was broken or unsuitable for use, as alleged in paragraph 2 of the pleading.
The proof herein has not brought the case within the ambit of res ipsa loquitur. Dean Prosser’s Handbook of The Law of Torts (2d ed. [1955], § 42, p. 201) declares: “ The conditions usually stated [Wigmore, Evidence, 3d Ed. 1940 § 2509] as necessary for the application of the principle of res ipsa loquitur are three: (1) the accident must be of a kind which ordinarily does not occur in the absence of someone’s negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.”
Moreover, paragraphs 8 and 9 of claimant’s bill of particulars aver that defendant had actual and constructive notice of the chair’s condition. Neither actual nor constructive notice was proven.
The defendant exercised reasonable care in the maintenance and inspection of this folding chair, under the circumstances herein. The claimant did not prove by a preponderance of evidence that the defendant was negligent. The proximate cause of the occurrence was not any negligence of defendant. The acts of the claimant contributed to cause the incident. She was negligent.
The defendant’s motions to dismiss (on which decisions had been reserved), are granted. The claim is dismissed.