■ HENRY C. SPETT, Appellant, v. PRESIDENT MONROE BUILDING & MANUFACTURING CORP., Defendant, and ROSE LEVINE, Doing Business as HARVEY PRINTING Co., Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County, entered January 17, 1964, as is in favor of defendant Rose Levine, pursuant to the trial court's decision setting aside the verdict in plaintiff's favor against said defendant and dismissing the complaint as to said defendant. (By order of this court entered November 19, 1965, plaintiff's appeal, insofar as it was from the portion of the judgment which was in the corporate defendant's favor, was discontinued.) Judgment, insofar as appealed from, affirmed, without costs. No opinion. Beldock, P. J., Christ, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment insofar as it is in favor of defendant Rose Levine and to grant a new trial as against that defendant, with the following memorandum: The jury found in favor of plaintiff against defendant Rose Levine. The learned trial court set aside the verdict and dismissed the complaint, mainly on the ground that there was insufficient proof to support the jury's finding that defendant Rose Levine was responsible for the placing of the skid in the place where plaintiff fell over it. On the record as it now stands, it well may be that the proof is insufficient to link defendant Rose Levine to the placing of the skid at the accident site. But it is insufficient because of the improper exclusion of certain proffered evidence. On plaintiff's case, he offered to testify to a conversation that he had with one Albert Levine a minute or two after the accident; but an objection to the substance of that conversation was sustained. On the cross-examination of Albert Levine, he denied that he had told plaintiff that he (Albert Levine) had had the skid placed at the accident site. On rebuttal, plaintiff again offered to testify to the substance of his conversation with Albert Levine; and again an objection to that testimony was sustained. The basis for the exclusion of plaintiff's proffered testimony on this point was that Albert Levine was not a party and the trial court's belief that any admission by him would not be binding on defendant Rose Levine. In my opinion the exclusion of this proof was prejudicial, reversible error. The record establishes that Albert Levine was the husband of defendant Rose Levine; that for the past 27 years he had been the "general foreman" of Harvey Printing Co., which was the trade name of the business ostensibly owned by defendant Rose Levine; that the only "employees" of Harvey Printing Co. were Albert Levine and the son of Albert and Rose Levine; that Rose Levine did not work in the business and had not worked there for at least a few years before the accident; and that plaintiff sublet space from Harvey Printing Co. and it was to Albert Levine that he paid his rent. On these facts it seems clear that Harvey Printing Co. was actually Albert Levine's business, which he himself operated, albeit in his wife's name; and that defendant Rose Levine was merely a "front" or "dummy" for Albert Levine. Hence, any admission by him would be binding on defendant Rose Levine and the exclusion of such admission was improper. Even if we were to assume that Albert Levine was not the actual owner, but merely the general manager of a business owned by his wife, on this record she was an absentee owner who had nothing to do with the operation of the business and Albert Levine obviously had such broad authority that his admission would be binding on her; and the exclusion of that admission consequently was error (*Davison* v. *Long Is. Home*, 243 App. Div. 791). If proof of Albert Levine's admission had been admitted in evidence, there clearly would have been sufficient

proof to support the jury's finding that defendant Rose Levine was responsible for the placing of the skid at the accident site. Hence, the exclusion of that proof was prejudicial error requiring reversal and a new trial.