MARCELINO CRUZ RESTO, ETC., Plaintiffs and Appellees, v. HOLIDAY INN CORPORATION ET AL., Defendants and Appellants.

No. R-68-61.    Decided May 29, 1968.

*Rieckehoff, Calderón, Vargas & Arroyo* for appellants. *Benicio Sánchez Castaño, Benicio Sánchez Rivera, Ana R. Rodríguez Olazagasti,* and *Gustavo A. Del Toro* for appellees.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: Appellants allege, in synthesis, that the trial court erred (1) in concluding that the death of appellees' five-year-old daughter by asphyxia by immersion in appellant Holiday Inn Corporation's swimming pool was due in 20% to appellees' negligence and in 80% to appellants' negligence; and (2) in ordering appellants to pay appellees $60,600, with costs, and $6,000 for attorney's fees.

After considering the record and the evidence presented, we conclude that the accident which caused the unfortunate death of the girl was due in 40% to appellees' negligence and in 60% to appellants' negligence. Therefore, the amount of the damages granted should be reduced to $45,450. We do not believe that the amount for such damages is excessive.

The evidence shows that the girl had been in the adults' swimming pool accompanied by her parents. She was protected then by a fiberglass ball fastened on her back by a belt around her waistline. She then decided to go to the bathroom and appellees removed the life belt for that purpose. Unfortunately they diverted their minds from her. They ceased to look after her. It was foreseeable that having been in the swimming pool like any child of her age, she would return to that place. She was too young to be aware of the risk she was taking in approaching the swimming pool without the life belt and without the assistance of her parents. The latter should have anticipated that the girl, irrespective of how docile and obedient she had previously been, might return to the swimming pool as in effect she did. If they had been continuously mindful of her, to the point of accompanying her to the bathroom, the accident would have not occurred.

On the other hand, the hotel enterprise, appellant herein, was likewise negligent since at the moment that another bather discovered the girl's body in the bottom of the swimming pool the lifeguard employed by the hotel was busy, 50 feet away from the swimming pool picking up some beach mats, one of the duties of the pool manager which the lifeguard was carrying out because of the former's absence. The lifeguard was so unconcerned with the swimming pool that they had to call him when the other bather discovered the girl's body at the bottom of the pool. This situation shows that the aforesaid hotel did not exercise the reasonable care to which we referred in *Pabón Escabí* v. *Axtmayer*, 90 P.R.R. 20, 24 (1964). The fact that the lifeguard moved away from the swimming pool to perform other chores, to the point of not noticing what occurred in the said swimming pool, constituted a clear violation of the provisions of § 10(b) of the Code of Minimum Standards For Tax-Exempt Hotels which requires that hotels having more than 100 rooms "must employ a full-time lifeguard and he shall be on duty during

the hours that swimming areas are open to guests." 13 R.&R.P.R. § 225-10(b).

*McKeever* v. *Phoenix Jewish Community Center,* 374 P.2d 875 (Ariz. 1962), is distinguishable from the case at bar for in the former an instruction on an unavoidable accident was upheld since the girl was drowned despite the fact that the lifeguard was attending to his responsibilities as such and by virtue thereof the jury's verdict in favor of the defendant enterprise was affirmed. It was also determined that for the doctrine of *res ipsa loquitur* to be applicable in this type of case, the plaintiff must prove proximate cause and show that no injury would have resulted but for some sort of negligence on the part of the defendant, owner or operator of the swimming pool, and in addition, he had to prove that the pool was within the exclusive control of the defendant, which is not possible when such control is shared by all the persons using it when the accident occurred. Finally, the court said that the aforesaid doctrine was not applicable since the evidence disclosed the possibility that the father's negligence could have contributed to the death of the girl.[1]

In the majority of the cases cited by appellants the complaints were dismissed. It was established in those cases that the lifeguards were tending to their responsibilities and it was not proved that they were negligent. The damages suffered were due to unavoidable accidents or to causes not assignable to the proprietor of the swimming pool. *Des Isles* v. *Evans,* 225 F.2d 235 (5th Cir. 1955); *Hahn* v. *Perkins,* 228 N.C. 727 (1948); *Mullen* v. *Russworm,* 90 S.W.2d 530 (Tenn. 1936); *Nolan* v. *Young Men's Christian Ass'n,* 243 N.W. 639 (Neb. 1932); *Swan* v. *Riverside Bathing Beach Co.,* 294 Pac. 903 (Kan. 1931); *Lyman* v. *Hall,* 219 N.W. 902 (Neb. 1928).

In *Adams* v. *American Enka Corporation,* 164 S.E. 367 (N.C. 1932), the complaint was dismissed because the person

---

[1] For other cases of this sort see 1 A.L.R.3d 963.

who was drowned in a lake located on defendant's property and which the latter used for manufacturing purposes, entered to swim in said lake on sufferance of the enterprise towards him and many others. Liability was charged against the enterprise for not having a lifeguard in the lake. The court concluded that under these circumstances the rule of exercising due care imposed on those who operate places of amusement for their pecuniary benefit was not applicable.

In *Langheim* v. *Denison Fire Dept. Swimming Pool Ass'n,* 21 N.W.2d 295 (Iowa 1946), a judgment for defendant entered on verdict directed by the court was reversed because the evidence warranted the submission to the jury of the question as to whether or not the lifeguard was negligent (1) since he knew that the thirteen-year-old girl who was drowned was unable to swim; (2) he did not occupy the place provided for him to supervise better the children in the swimming pool; (3) his duties as swimming instructor could interfere with the proper performance of his duties as lifeguard; (4) he knew that the children who were unable to swim would be in danger whenever they were permitted to go into the deep water beyond a rope; and (5) the children had done that and the lifeguard had sent them back to the shallow section of the pool. This case rather tends to support the judgment in the case at bar which imposes a certain degree of liability on appellants. The same thing happens in *Gordon* v. *Hotel Seville,* 105 So.2d 175 (Fla. 1958), in which it was concluded that the lifeguard was negligent in permitting the bathers to push or hurl each other into the pool as a result of which one of them injured plaintiff while she was swimming there face down, when he was hurled into the water and landed on her.

It is impossible to give any weight to the cases of *Watts* v. *Mitchell Bros. Realty Corp.,* 108 N.Y.S.2d 903 (1951) and *Laut* v. *Brooklyn & Queens Y.M.C.A.,* 30 N.Y.S.2d 425 (1941) because a memorandum by the court has only been

published in each one of them, entered by the Appellate Division of the Supreme Court of New York (it is not the court of last resort of said state). In the first one an order granting defendant's motion for a directed verdict was affirmed. In the other, the judgment entered in favor of plaintiff was reversed in an action for damages for the death of a person who was drowned in a swimming pool because the evidence was insufficient to warrant an inference of negligence causing the accident.

Considering that the death of the girl in the instant case caused (1) natural and deep sorrow to her parents, who tried, unsuccessfully, to have another child so as to substitute the love for the girl they lost; (2) the dissolution of appellees' marriage; (3) that the father was demoted in his employment; and (4) that the mother had to be submitted to psychiatric treatment for more than a year and a half, we do not deem excessive the amount of $75,000 granted for damages suffered by them as a result of the death of their daughter in such an unexpected and tragic manner.

It is determined that the accident in this case was due in 60% to the negligence of appellant, Holiday Inn Corporation, and in 40% to the negligence of appellees. In these particulars the judgment rendered in this case by the trial court will be modified, reducing the amount of the damages granted to $45,450. As modified, it will be affirmed.