MARCELINO CRUZ RESTO, ETC., demandantes y recurridos, *v.* HOLIDAY INN CORPORATION ET AL., demandados y recurrentes.

*Número:* R-68-61     *Resuelto:* 29 de mayo de 1968

*Rieckehoff, Calderón, Vargas & Arroyo,* abogados de los recurrentes; *Benicio Sánchez Castaño, Benicio Sánchez Rivera, Ana R. Rodríguez Olazagasti* y *Gustavo A. Del Toro,* abogados de los recurridos.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: Los recurrentes apuntan, en síntesis, que incidió el tribunal de instancia (1) al concluir que la muerte de la hija de cinco años de edad de los recurridos, por asfixia mediante inmersión en la piscina de natación de la recurrente Holiday Inn Corporation, se debió en un 20% a la negligencia de los recurridos y en un 80% a la negligencia de los recurrentes; y (2) al condenar a los recurrentes a pagar a los recurridos la cantidad de $60,600, con costas y $6,000 para honorarios de abogado.

Considerado el récord y la prueba aducida, concluimos que el accidente que motivó la desgraciada muerte de la niña se debió en un 40% a la negligencia de los recurridos y en

un 60% a la de los recurrentes. Por lo tanto, la cuantía de los daños concedidos debe rebajarse a $45,450. No encontramos excesiva la cuantía de tales daños.

La prueba demuestra que la niña había estado en la piscina de los mayores acompañada de sus padres. Entonces estaba protegida por una bola de *fiberglass* que le quedaba detrás amarrada por la cintura con una correa. Luego quiso ir al baño y a esos efectos los recurridos le removieron el salvavidas. Por desgracia se despreocuparon de ella. De ahí en adelante dejaron de vigilar sus pasos. Era previsible que habiendo estado en la piscina, como niña al fin, volviese a ese sitio. Era demasiado joven para darse cuenta del peligro que corría al acercarse a la piscina sin salvavidas y sin la asistencia de sus padres. Éstos debieron anticipar que la niña, no importa lo dócil y obediente que anteriormente hubiera sido, podía regresar a la piscina como en efecto lo hizo. De haber estado continuamente atentos a ella, al extremo de acompañarla al baño, el accidente no hubiera ocurrido.

Por otro lado, la empresa hotelera recurrida fue igualmente negligente pues en el momento que otro bañista descubrió el cuerpo de la niña en el fondo de la piscina el guardavidas empleado por la empresa se encontraba a unos 50 pies de la piscina ocupado en recoger unos colchones de playa, faena del Administrador de la piscina que el guardavidas realizaba debido a la ausencia de aquél. Tan poco atento estaba el guardavidas a la piscina que hubo que llamarle cuando el otro bañista descubrió el cuerpo de la niña al fondo de la piscina. Esta situación demuestra que el referido hotel no ejerció el debido cuidado a que nos referimos en *Pabón Escabí* v. *Axtmayer*, 90 D.P.R. 20, 25 (1964). El alejarse el guardavidas de la piscina en la realización de otras ocupaciones, al extremo de no estar en condiciones de notar lo que ocurría en el referido estanque o alberca de natación constituyó una clara violación de lo dispuesto en

la Sec. (b) del Art. 10 del Código de Requisitos Mínimos para Hoteles Exentos de Contribución que exige que los hoteles de más de 100 habitaciones "deberán emplear un salvavidas [sic] permanentemente y éste deberá estar en servicio durante todo el tiempo que la piscina esté abierta a los huéspedes." 13 R.&R.P.R. Sec. 225–10 (b).

*McKeever* v. *Phoenix Jewish Community Center*, 374 P.2d 875 (Ariz. 1962), es distinguible del caso que nos ocupa pues en aquél se sostuvo una instrucción de accidente inevitable ya que la niña se ahogó no obstante estar el guardavidas atento a sus funciones como tal y en tal virtud se confirmó el veredicto del jurado a favor de la empresa demandada. Se determinó, además, que para que la doctrina de *res ipsa loquitur* pueda aplicar en este tipo de caso, el demandante tiene que probar causa probable y demostrar que no podía ocurrir lesión alguna excepto debido a la negligencia del dueño u operador demandado de la piscina y, además, probar que ésta estaba bajo el dominio exclusivo del demandado, lo cual no es posible cuando dicho dominio es compartido por todas las personas que la usaban al ocurrir el accidente. Por último, dijo el tribunal que la referida doctrina no era de aplicación cuando de la prueba aparecía la posibilidad que la negligencia del padre pudo contribuir a la muerte de la niña. [1]

En la mayoría de los casos citados por los recurrentes se desestimaron las demandas. En éstos se estableció que los guardavidas estaban atentos a sus obligaciones y no se probó que fueran negligentes. Los perjuicios sufridos se debieron a accidentes inevitables o a causas no atribuibles al propietario de la piscina. *Des Isles* v. *Evans*, 225 F.2d 235 (5th Cir. 1955); *Hahn* v. *Perkins,* 228 N.C. 727 (1948); *Mullen* v. *Russworm,* 90 S.W.2d 530 (Tenn. 1936); *Nolan* v. *Young Men's Christian Ass'n*, 243 N.W. 639 (Neb. 1932);

[1] Para otros casos de esta índole, véase 1 A.L.R.3d 963.

*Swan* v. *Riverside Bathing Beach Co.,* 294 Pac. 903 (Kan. 1931) ; *Lyman* v. *Hall,* 219 N.W. 902 (Neb. 1928).

En *Adams* v. *American Enka Corporation,* 164 S.E. 367 (N.C. 1932), se desestimó la demanda porque la persona que se ahogó en el estanque situado en la propiedad de la demandada y que ésta usaba para fines manufactureros, entró a nadar en dicho tanque por tolerancia de la empresa hacia él y muchos otros. Se imputaba responsabilidad a aquélla por no tener guardavidas en el estanque. El tribunal concluyó que en estas circunstancias no era aplicable la norma de ejercer debido cuidado impuesta a los que operan sitios de recreo de lo cual derivan beneficio pecuniario.

En *Langheim* v. *Denison Fire Dept. Swimming Pool Ass'n,* 21 N.W.2d 295 (Iowa 1946), se revocó una sentencia dictada a favor del demandado mediante veredicto perentorio ordenado por el tribunal porque la evidencia justificaba someter al jurado la cuestión de si el guardavidas fue o no negligente (1) ya que conocía que la niña de trece años que se ahogó no sabía nadar; (2) no ocupaba su lugar indicado para mejor supervisar los niños en la piscina; (3) sus deberes como instructor de natación podían estorbar el cumplimiento de su obligación como guardavidas; (4) sabía que los niños que no sabían nadar estaban en peligro cuando se les permitía pasar a aguas profundas más allá de una soga; y (5) los niños habían hecho esto último y el guardavidas los había hecho regresar a la parte llana de la piscina. Este caso más bien tiende a sostener la sentencia en el caso que nos ocupa que impone determinado grado de responsabilidad a los recurrentes. Lo mismo ocurre con el de *Gordon* v. *Hotel Seville,* 105 So.2d 175 (Fla. 1958), en el cual se concluyó que el guardavidas fue negligente al permitir que los bañistas se empujasen unos a otros a la piscina con motivo de lo cual uno lesionó a la demandante mientras ésta flotaba en la piscina al ser aquél lanzado al agua y caerle encima a la demandante.

Resulta imposible darle peso alguno a los casos de *Watts v. Mitchell Bros. Realty Corp.*, 108 N.Y.S.2d 903 (1951) y *Laut v. Brooklyn & Queens YMCA*, 30 N.Y.S.2d 425 (1941) porque sólo se ha publicado un memorando del tribunal en cada uno de ellos, dictado por la División Apelativa del Tribunal Supremo de Nueva York (no se trata del tribunal de última instancia de dicho estado). En el primero se confirmó una orden declarando con lugar una moción del demandado para que se dictara un veredicto perentorio. En el otro se revocó la sentencia a favor del demandante en una acción de daños ocasionados por la muerte de una persona que se ahogó en una piscina porque la evidencia no era suficiente para justificar una inferencia de la negligencia que causara el accidente.

En vista de que la muerte de la niña en el caso que nos ocupa ocasionó (1) un natural y profundo dolor a sus padres, los que trataron infructuosamente de lograr otro hijo que fuera una sustitución del cariño que tenían para la niña que perdieron; (2) la disolución del matrimonio de los recurridos; (3) que el padre sufrió un descenso en su empleo; y (4) que hubo que someter a la madre a tratamiento siquiátrico por más de año y medio, no consideramos excesiva la concesión de $75,000 por los daños sufridos por éstos con motivo de la muerte de su hija en forma tan inesperada como trágica.

Se determina que el accidente en este caso se debió en un 60% a la negligencia de la recurrente Holiday Inn Corporation y en un 40% a la negligencia de los recurridos. *En estos extremos, se modificará la sentencia dictada en este caso por el tribunal de instancia, reduciendo la cuantía de los daños concedidos a la suma de $45,450. Así modificada, se confirmará.*